## PEGRAM v. McCORMACK.

1. RES ADJUDICATA: PLEADINGS. Where, under the Code of 1851, a replication alleged a prior adjudication of the defense set up in the answer, to which replication there was no rejoinder, it was held that the replication stood as confessed, and that the court did not err in excluding evidence introduced to sustain the answer.

*Appeal from Muscatine District Court.*

TUESDAY, OCTOBER 21.

FOR the facts see the opinion.

*D. C. Cloud* for the appellant contended : 1. That *Rhodes, Pegram & Co.* v. *McCormack*, 4 Iowa, 368, was not conclusive as an adjudication of the question involved in this case, for the reason that in that case there was no trial of issue. Code of 1851, §§ 1258–1262 ; *Charless & Blow* v. *Lamberson*, 1 Iowa, 439 ; *Helfenstein & Gore* v. *Cave*, 3 Id., 289 ; *S. C.*, 6 Id., 375 ; *Doty* v. *Brown*, 4 Com., 71 ; *Young* v. *Rumnell*, 2 Hill, 478 ; *Eastman* v. *Cooper et al.*, 15 Pick., 276 ; *Wood* v. *Jackson*, 18 Wend., 107 ; *Aiken* v. *Peck*, 22 Verm., 255 ; *Parker et al.* v. *Standish*, 3 Pick., 288 ; *Spooner* v. *Davis et ux.*, 7 Id., 147 ; *Gray* v. *Eastbrook*, 6 Cal., 457 ; 2. That the ruling in *Rhodes, Pegram & Co.* v. *McCormack*, is not sustained by the statute.

*Richman & Brother* for the appellee.

LOWE, J.—The controversy in this case is anomalous, and respects the right of possession and title to the first story and cellar of a brick building, situated on the west half of lot No. 2, in block 33, in the city and county of Muscatine, founded upon a sheriff's deed, and conducted under the usual formula of an action of right.

The defendant after denying the allegations of the petition sets up a special defense, to the effect that the *locus in quo* is his homestead ; and avers, by way of further answer,

that since the former adjudication, the value of said premises had diminished, and the circumstances connected with said homestead had materially changed, &c.

The plaintiff replies specially, and alleges that the matters and things set forth in the defendant's special answer are *res adjudicata*, that the premises described in plaintiff's petition had been decided by the courts of the state, not to be the homestead of the defendant, and that he ought not again to be heard upon that question, &c. Here the pleadings ended. On the trial defendant offered evidence to establish the truth of matters and things set forth in his special answer, tending to show that the property in question was his homestead. This evidence the court rejected, and the defendant excepted. Verdict and judgment for the plaintiff, and the defendant appeals.

The single question made by the record for our determination is, whether the court erred under the pleadings in refusing to receive the defendant's evidence.

The pleadings were under the old code. The special replication in effect admits all the facts (not the conclusion of law), set up in the defendant's special answer, there was therefore no necessity for proving them.

The ultimate fact for determination was, whether the defendant's homestead privilege had been previously adjudicated as set forth in the plaintiff's special replication. This fact was not controverted either by a demurrer showing the insufficiency in law of said replication, or by rejoinder denying the fact. It therefore stood confessed, and this confession made the defendant's evidence wholly immaterial, and this is the whole of this case.

In argument the counsel for appellant insists that the plaintiff's replication is no bar to the defense interposed by the defendant. If so, he should have raised that question in the court below; failing to do so, he cannot for the first time raise it here. He also argues at great length, that the

former decision of this court upon the homestead question was erroneous. It is only necessary for us to say that we are not at liberty to consider and pass upon points not raised by the record under revision, and we must therefore affirm the case.

Affirmed.